UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
(CENTRAL DIVISION)

In re:

RALPH A. LOCONTO,

      Debtor.

Chapter 7
Case No. 10-46034-MSH

**CHAPTER 7 TRUSTEE'S MOTION FOR AN ORDER AUTHORIZING AND
APPROVING PRIVATE SALE OF DEBTOR'S ONE-THIRD BENEFICIAL INTEREST
IN REAL PROPERTY LOCATED IN WEST DOVER, VERMONT**
(Re: One-Third Beneficial Interest in 1 Snow Vidda Road, a/k/a 40 North Access Road,
West Dover, Windham County, Vermont)

To the Honorable Melvin S. Hoffman, United States Bankruptcy Judge:

NOW COMES Joseph H. Baldiga, Chapter 7 trustee (the "Trustee") of the bankruptcy

estate (the "Estate") of Ralph A. Loconto (the "Debtor"), and hereby moves this Court, pursuant

to 11 U.S.C. § 363, for entry of an order authorizing and approving the proposed private sale (the

"Private Sale") of the Debtor's one-third interest (the "Interest") in real property located at 1

Snow Vidda Road, a/k/a 40 North Access Road, West Dover, Windham County, Vermont (the

"Real Property"), subject to all liens, claims, and encumbrances of any kind or nature, to T.

Carmen Loconto Garieri and Arnold Loconto II and/or their respective assigns (the "Buyers").

The Debtor holds title to the Real Property with the Buyers, each holding an undivided one-third

interest.  The terms of the Private Sale are further described in the letter agreement between the

Trustee and the Buyers (the "Letter Agreement") dated October 3, 2011, a copy of which is

attached hereto as **Exhibit A**, and the Trustee's proposed Notice of Intended Private Sale of

Estate Property (the "Notice of Private Sale") filed concurrently herewith.

The Interest is being sold pursuant to this Private Sale subject to all mortgages, liens, claims, and encumbrances asserted by any entity (collectively, the "Property Claims"), and any and all such Property Claims shall not attach to the proceeds realized from the Trustee's sale of the Interest.

The terms and conditions of the Private Sale are subject to the approval of this Court. The purchase price for the Interest is $76,000.00 (the "Purchase Price").

In support of this Motion, the Trustee respectfully states as follows:

## I.   FACTUAL BACKGROUND

1.     On December 8, 2010 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 13 of the United States Bankruptcy Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code").

2.     On January 13, 2011, the case was converted to one under Chapter 7 of the Bankruptcy Code.

3.     On January 25, 2011, the United States Trustee appointed Joseph H. Baldiga Chapter 7 trustee of this proceeding, and he continues to serve as such.

4.     On October 4, 2011, the Debtor received his discharge pursuant to Bankruptcy Code § 727.

5.     On information and belief, prior to the Petition Date, the Debtor and the Buyers owned the Real Property as joint tenants with right of survivorship by warranty deed (the "Deed") dated January 17, 1991 and recorded on January 24, 1991 in the Dover Land Records in Volume 118, Pages 597-600.  A copy of the Deed is attached hereto as **Exhibit B**.

6.     The Debtor's Interest in the Real Property is a one-third interest. The remaining two-thirds interests are owned equally by the Buyers, who are the Debtor's siblings.[1]

7.     Upon information and belief, the Debtor and the Buyers have used and occasionally rented out the Real Property (located near the Mount Snow, Vermont Ski Resort) as a vacation home.

8.     The Buyers made the Trustee an initial offer to purchase the Interest and, after negotiations, the Trustee and the Buyers reached the terms outlined in the Letter Agreement. The Trustee asserts that consummating the Private Sale on the terms and conditions as outlined in the Letter Agreement herein and in the Notice of Private Sale is in the best interest of the Estate.[2]

## II.    TRUSTEE'S SALE EFFORTS

9.     The Interest was listed on the Debtor's Schedule A and valued by the Debtor (as of the Petition Date) at $105,105.00.

10.     Upon information and belief, the Real Property is unencumbered by any mortgage or other lien, and real estate taxes are current. The Trustee makes no representations or warranties as to possible liens or encumbrances, however, and any potential buyers of the Interest are encouraged to do their own due diligence, as the Interest is being sold subject to any and all Property Claims, and any Property Claims are not to be paid from the proceeds to be received by the Trustee.

---

[1]   Prior to the Deed, the Debtor and the Buyers each held a one-sixth interest in the Real Property. The Debtor's mother, Anna B. Loconto, held the remaining one-half interest. The Debtor and the Buyers acquired their initial one-sixth interest as joint tenants with the right of survivorship from their mother, Anna B. Loconto, by warranty deed (the "Prior Deed") dated December 24, 1990 and recorded December 26, 1990 in the Dover Land Records in Volume 118, Pages 361-363. A copy of the Prior Deed is attached hereto as **Exhibit C**.

[2]   The Trustee had previously agreed to sell the Interest to the Debtor's son, Seth A. Loconto (the "Previous Buyer"), pursuant to a letter agreement dated May 24, 2011 (the "Previous Letter Agreement"). Prior to the Trustee's seeking Bankruptcy Court approval of the proposed sale, the Previous Buyer defaulted on his deposit obligations under the Previous Letter Agreement, and thereby forfeited his right to purchase the Interest along with $4,000.00 in deposit payments.

11.     The Trustee consulted with a broker regarding the value of the Real Property.  The broker suggested that the marketing price for the Real Property, as of March 2011, would be approximately $215,000-$225,000.  Assuming that the Real Property sold within that range, the Debtor's Interest would have a value of approximately $71,667-$75,000, before reducing that value by any broker's fees that the Trustee would incur were he to try to sell the Real Property to someone other than the Buyers.

12.     The Buyers have agreed to purchase the Interest from the Trustee for $76,000.00 (the "Purchase Price").  See the Letter Agreement attached hereto as **Exhibit A**.

13.     Consistent with the terms of the Letter Agreement, the Buyers have paid the Trustee the entire Purchase Price of $76,000.00, to be held by the Trustee in escrow pending approval of this proposed sale.

14.     Based on current market conditions and the unique nature of this particular asset (e.g., the Debtor's Interest in the Real Property being only a one-third beneficial interest), the Trustee believes that the Purchase Price is fair and reasonable, particularly given that there will be competitive bidding if other interested parties submit counter-offers.  Based on the apparent value of the Real Property and the amount of the Purchase Price, the Trustee believes that he would not realize a higher benefit to the Estate by seeking a buyer for the Real Property in its entirety.

15.     Absent a higher offer, the Trustee will proceed with the Private Sale, and the Buyers shall acquire the Interest subject to all liens, claims, and encumbrances.

16.     The Debtor has not claimed any exemption in the Interest.

17.     The Trustee will serve the Notice of Private Sale on the Debtor and the Debtor's counsel, all creditors and other parties-in-interest, and upon other parties that previously have

expressed an interest to the Trustee in acquiring such assets, in order to generate, if possible,

higher and better offers to purchase the Interest.

### III.   A PRIVATE SALE OF THE INTEREST IS IN THE BEST INTEREST OF THE DEBTOR'S ESTATE AND CREDITORS

18.     The proposed Private Sale of the Interest is in the best interest of the Estate and its

creditors and will further the paramount goal of maximizing the funds available for distribution

to creditors.  See In re Integrated Res., Inc., 135 B.R. 746, 750 (Bankr. S.D.N.Y. 1992), aff'd 147

B.R. 650 (S.D.N.Y. 1992), appeal dismissed 3 F.3d 49 (2d Cir. 1993) (explaining that the main

responsibility of a debtor and primary concern of a Bankruptcy Court is to maximize value of

assets to be sold).  Against this backdrop, a Bankruptcy Court has a large measure of discretion

in determining whether a private sale should be approved.  See In re Embrace Sys. Corp., 178

B.R. 112, 123 (Bankr. W.D. Mich. 1995).

19.     The Private Sale will provide an immediate cash benefit to the Estate and will

allow the Trustee to dispose of the Interest in a timely and cost-effective manner.

20.     In light of the foregoing, and also since the proposed Private Sale procedures

provide for solicitation of higher and better offers, the Trustee believes that the Private Sale

represents the best opportunity for the Trustee to maximize a return to unsecured creditors.

21.     In order to expeditiously administer the Estate, and to the extent that creditors

and/or parties asserting an interest in the Interest fail to timely object to the Private Sale set forth

in the attached Notice of Private Sale, that party shall be deemed to have consented to the sale of

the Interest subject to any lien, claim, or encumbrance, with any proceeds sought therefrom by

the creditor or interested party being chargeable on a *pro rata* basis with the costs of the Private

Sale being incurred by the Estate in the preservation of the Interest and a proportionate share of

the administrative expenses incurred by the Estate in connection with the Private Sale, including, but not limited to, compensation and expenses for the Trustee, Trustee's counsel, and any other professional employed by the Trustee, any and all use and occupancy charges, and capital gains taxes, if any.

22.     Additionally, pursuant to Bankruptcy Code § 506(c), the Trustee intends to seek recovery of the reasonable and necessary costs and expenses of preserving or disposing of the Interest to the extent of any benefit conferred on the creditors, whether said Interest is sold or the creditor successfully objects to the intended Private Sale.

## IV.   THE SALE TERMS

23.     For and in consideration of the purchase of the Interest, upon execution of the Letter Agreement, the Buyers have paid $76,000.00 (i.e., the Purchase Price) to the Trustee.

24.     The Trustee is holding the Purchase Price in escrow until the Bankruptcy Court's approval of the Letter Agreement and the closing of the Private Sale (the "Closing").

25.     The Private Sale of the Interest is subject to all mortgages, liens, claims, interests, charges, and encumbrances of any type or nature arising pre- or post-filing, and such Property Claims, if any, will not attach to the net proceeds of the Private Sale, but instead will remain as Property Claims on or against the Interest.

26.     The Closing shall occur at a mutually agreeable time within five (5) days after the entry of an Order of this Court granting this Motion becomes final and non-appealable, or such later date as the Trustee may decide.  At the time of the closing, the Trustee shall provide all documents reasonably required to effectuate the transfer.

27.    The Trustee asserts that the Purchase Price represents fair value for the Interest. Nonetheless, the Trustee will continue, through the date of the Court's hearing on this Motion, to take all actions necessary to generate the highest possible sale price for the Interest.

28.    The Trustee is bound to sell to the highest bidder, but has requested a $2,500.00 deposit requirement along with a 5% overbid minimum (the "Overbid Minimum"), thus requiring higher offers to be of a sum not less than $79,800.00.

29.    Upon information and belief, the Buyers are good faith buyers under Bankruptcy Code § 363(m). As required by Bankruptcy Code § 363(m), the Trustee and the Buyers have acted in good faith in negotiating the terms outlined in the Letter Agreement and set forth herein. The Letter Agreement is the product of good faith negotiations between the parties. There are no undisclosed agreements between the parties.

30.    In addition, the proposed bidding procedures establish a process whereby interested parties are encouraged to compete to establish the fair value of the Interest. Accordingly, the Trustee requests that this Court make a finding that the Buyers are entitled to the protections of Bankruptcy Code § 363(m).

31.    Any creditor or other party-in-interest ultimately determined to have an allowed interest in the Interest shall be liable to the Estate for:

    a.    The *pro rata* costs of the sale of the Interest;

    b.    Costs incurred by the Trustee in the preservation of the Interest; and

    c.    A proportionate share of the administrative expenses incurred by the Trustee and Trustee's counsel, and any other professional employed by the Trustee in preparing and conducting the Private Sale, and capital gains taxes, if any.

32.     The Trustee has summarized only a portion of the provisions of the Letter Agreement and urges creditors and other parties-in-interest to review the Letter Agreement independently.

WHEREFORE, the Trustee respectfully requests that the Court enter an Order:

a.     authorizing, approving, ratifying, and confirming the Trustee's sale, transfer, and conveyance of the Interest to the Buyers or to a successful bidder, subject to all mortgages, liens, adverse claims, and encumbrances of any type or nature upon the terms and conditions set forth herein and in the Letter Agreement, with the Buyers or other successful bidder to be responsible for all applicable transfer fees and costs, as well as any and all other applicable fees which may run with the Interest;

b.     providing that any creditor and/or party-in-interest determined to have an allowed interest in the Interest be liable to the Estate for:

(i)     the *pro rata* costs of the sale of the Interest;

(ii)    costs incurred by the Trustee in the preservation of the Interest; and

(iii)   a proportionate share of the administrative expenses incurred by the Trustee and Trustee's counsel, and any other professional employed by the Trustee in preparing and conducting the Private Sale, and capital gains taxes, if any;

c.     providing that all mortgages, liens, adverse claims, and encumbrances of any type or nature, if any, shall not attach to the net proceeds of the sale of the Interest;

d.      authorizing the Trustee to execute such documents and otherwise take

such actions as the Trustee deems necessary or appropriate to consummate

the sale of the Interest on the terms described herein and in the Letter

Agreement; and

e.      granting the Trustee such other and further relief as this Court deems just

and proper under the circumstances.

Respectfully submitted,

JOSEPH H. BALDIGA,
CHAPTER 7 TRUSTEE

By his counsel,

/s/ Joseph H. Baldiga
Joseph H. Baldiga, BBO #549963
Christine E. Devine, BBO #566990
Mirick, O'Connell, DeMallie & Lougee, LLP
1800 West Park Drive, Suite 400
Westborough, MA 01581-3491
Phone: 508.898.1501
Fax:    508.898.1502
Email: bankrupt@mirickoconnell.com
Email: cdevine@mirickoconnell.com

Dated: October 19, 2011

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MASSACHUSETTS
### (CENTRAL DIVISION)

| | |
|---|---|
| In re:<br><br>**RALPH A. LOCONTO,**<br><br>**Debtor.** | **Chapter 7**<br>**Case No. 10-46034-MSH** |

### ORDER AUTHORIZING AND APPROVING CHAPTER 7 TRUSTEE'S PRIVATE SALE OF DEBTOR'S ONE-THIRD BENEFICIAL INTEREST IN REAL PROPERTY LOCATED IN WEST DOVER, VERMONT
(Re: One-Third Beneficial Interest in 1 Snow Vidda Road, a/k/a 40 North Access Road, West Dover, Windham County, Vermont)

THIS MATTER having come before the Court upon the motion (the "Motion to Approve Private Sale") of Joseph H. Baldiga, Chapter 7 trustee in the above-captioned proceeding (the "Trustee"), for an order authorizing and approving private sale (the "Private Sale") of the bankruptcy estate's right, title, and interest in the above-referenced Debtor's one-third beneficial interest in real property located at 1 Snow Vidda Road, a/k/a 40 North Access Road, West Dover, Windham County, Vermont (the "Interest"), subject to all mortgages, liens, claims, and encumbrances, to T. Carmen Loconto Garieri and Arnold Loconto II and/or their respective assigns (the "Buyers") upon the terms of the letter agreement attached to the Motion to Approve Private Sale as **Exhibit A** (the "Letter Agreement"), and as described in the Trustee's Notice of Intended Private Sale filed with this Court (the "Notice of Private Sale"), and sufficient notice thereof having been duly given, no objection to the Motion to Approve Private Sale having been filed, or any such objection having been overruled after a hearing as appropriate under the circumstances, and the Court finding that the notice given by the Trustee as set forth in the Certificate of Service filed with the Court was sufficient, it is hereby ORDERED THAT:

1.      The Trustee is authorized to sell the bankruptcy estate's right, title, and interest in

the Interest identified in the Notice of Private Sale to T. Carmen Loconto Garieri and Arnold

Loconto II and/or their respective assigns (the "Buyers"), for the sum of $76,000.00, <u>subject</u> <u>to</u>

all mortgages, liens, claims, and encumbrances asserted by any entity (collectively, the "Property

Claims"), with any and all such Property Claims <u>not</u> attaching to the proceeds realized from the

Private Sale, but remaining on or against the Interest as in existence prior to this sale, and with

the Buyers or other successful bidder to be responsible for all applicable transfer fees and costs,

as well as any and all other applicable fees which may run with the Interest.

2.      The Buyers shall be required to close on the Private Sale (a) at a mutually

agreeable time within five (5) days after the order approving the Private Sale (the "Sale Order")

becomes final and non-appealable or (b) such extended period as the Trustee, in his discretion,

allows (the "Closing Date").

3.      In the event that the Buyers fail to close on the Private Sale on or before the

Closing Date, the Trustee is authorized to sell the Interest to the second highest bidder, _____

_____, who will be required to submit a deposit of $2,500.00 and close within

twenty (20) days of the Court's entry of this Order or such extended period as the Trustee, in his

discretion, allows, for a price of $_____. In the event that the second highest bidder

fails to timely close, the second highest bidder shall forfeit its deposit, and the Trustee may re-

notice the proposed sale.

4.      The Debtor is entitled to no exemptions with respect to the Interest or the net

proceeds realized from the Private Sale, as the Debtor has not claimed any exemption in the

Interest.

{Practice Areas\CORP\15008\14169\A4181282.DOC}

5.    Any creditor and/or party-in-interest ultimately determined to have an allowed interest in the Interest shall be liable to the Estate for:

    a.    The *pro rata* costs of the sale of the Interest;

    b.    Costs incurred by the Trustee in the preservation of the Interest; and

    c.    A proportionate share of the administrative expenses incurred by the Trustee and Trustee's Counsel, and any other professional employed by the Trustee in preparing and conducting the Private Sale, and capital gains taxes, if any.

6.    The Trustee is hereby authorized to execute such documents and otherwise take such actions as the Trustee deems necessary or appropriate to consummate the sale of the Interest on the terms described in the Trustee's Motion to Approve Private Sale and the Notice of Private Sale.

7.    The Private Sale be and is authorized in accordance with the Trustee's Motion to Approve Private Sale and the Notice of Private Sale.

8.    This order is immediately effective and is not stayed pursuant to Rule 6004(g) of the Federal Rules of Bankruptcy Procedure, or otherwise.

_____
Honorable Melvin S. Hoffman
United States Bankruptcy Judge

Dated: _____, 2011

{Practice Areas\CORP\15008\14169\A4181282.DOC}

# EXHIBIT A

# MIRICK O'CONNELL

A T T O R N E Y S   A T   L A W

**Joseph H. Baldiga**
Mirick O'Connell
1800 West Park Dr., Suite 400
Westborough, MA 01581-3941
jbaldiga@mirickoconnell.com
t 508.860.1448
f 508.983.6232

October 3, 2011

## VIA ELECTRONIC MAIL

T. Carmen Loconto Garieri          Arnold Loconto II
5960 Glen Brook Way                16 Brentwood Drive
Boca Raton, FL  33433              Southbridge, MA  01550

> Re:  Ralph A. Loconto (" Debtor")
> Chapter 7, Case No. 10-46034-MSH
> Letter Agreement Re: ~~40~~ Snow Vidda Road, West Dover, VT
>            1

Dear Ms. Garieri and Mr. Loconto:

This letter will confirm the terms of the agreement between Joseph H. Baldiga, Chapter 7 trustee (the "Trustee") of the bankruptcy estate (the "Estate") of Ralph A. Loconto (the "Debtor"), and each of you and/or your respective assigns (the "Buyers"), regarding the Buyers' offer (the "Offer") of $76,000.00 (the "Purchase Price") to purchase the Debtor's one-third interest (the "Interest") in real property located at ~~40~~ Snow Vidda Road (a/k/a 40 North Access Road), West Dover, Windham County, Vermont (the "Real Property").  A copy of the current deed describing the Debtor's Interest in the Real Property is attached hereto as **Exhibit A**.

The Trustee hereby accepts the Offer subject to (i) Bankruptcy Court approval and (ii) the following terms and conditions of this letter agreement (the "Letter Agreement"):

1.     The Trustee agrees to transfer the Debtor's Interest in the Real Property to the Buyers, pursuant to 11 U.S.C. § 363, <u>subject to</u> all liens and encumbrances asserted by any entity, and such interests shall not attach to the proceeds realized from the Trustee's sale of the Interest (the "Sale").

**MIRICK, O'CONNELL, DeMALLIE & LOUGEE, LLP**
WORCESTER  |  WESTBOROUGH  |  BOSTON
www.mirickoconnell.com

MIRICK O'CONNELL

T. CARMEN LOCONTO GARJERI
ARNOLD LOCONTO II
OCTOBER 3, 2011
PAGE 2

2.  In consideration of the Estate's Interest in the Real Property, the Buyers shall pay
    the Purchase Price to the Trustee in full at the time of execution of this
    Agreement, by one or more checks made payable to "Joseph H. Baldiga, Chapter
    7 Trustee." The Trustee shall hold the Purchase Price in escrow until the
    Bankruptcy Court's approval of this Agreement and the closing of this Sale.

3.  The Trustee shall refund the Purchase Price to the Buyers within 15 (fifteen)
    business days of (a) any ruling of the Bankruptcy Court approving the sale of the
    Interest to a person or entity other than the Buyers or (b) the failure of the Trustee
    to consummate a sale approved by the Bankruptcy Court, unless the failure to
    close is caused by the Buyers or otherwise within the Buyers' control, in which
    case the Purchase Price shall be fully forfeited to the Trustee and the Trustee shall
    be free to sell the Interest to someone other than the Buyers, subject to
    Bankruptcy Court approval.

4.  Upon execution of this Letter Agreement, the Trustee shall prepare and file with
    the Bankruptcy Court a motion (the "Sale Motion") seeking Bankruptcy Court
    approval of the sale of the Interest to the Buyers or their designees, subject to all
    liens, claims, interests, and encumbrances of any kind or nature, pursuant to
    11 U.S.C. § 363.

5.  The Buyers acknowledge that the proposed Sale outlined herein will be noticed
    out for counter-offers for a period of time as directed by the Bankruptcy Court,
    that there may be one or more sale hearings before the Bankruptcy Court where
    all qualified bidders (if any) shall be entitled to participate, and that the Trustee
    will be bound to sell the Estate's Interest in the Real Property to the highest
    bidder; provided, however, that the Purchase Price shall be not less than 5%
    greater than the $76,000.00 Purchase Price (that is, not less than $79,800.00).

6.  The Sale closing shall occur at a mutually agreeable time within five (5) days
    after the order approving the Sale (the "Sale Order") becomes final and non-
    appealable, provided, however, that the Trustee can extend the closing deadline in
    his sole discretion.  At the time of the closing, the Trustee shall provide all
    documents reasonably required to effectuate the transfer.

7.  The Sale Order shall authorize the Trustee to execute any and all documents
    reasonably required to fully consummate the sale and transfer the Interest,
    whether such documents are now known or become known or reasonably
    necessary in the future.  The Trustee shall bear the cost of preparing the proposed
    Sale Order, the Trustee's deed, and any other documents required to effectuate the
    transfer.  To the extent that the Buyers reasonably request that the Trustee execute



MIRICK O'CONNELL

T. CARMEN LOCONTO GARIERI
ARNOLD LOCONTO II
OCTOBER 3, 2011
PAGE 2

additional documentation to evidence the transfer of the Interest, the Buyers shall bear the cost of preparing those additional documents.

**The Trustee makes no representations or warrantees regarding the quality, quantity, viability, or any other aspect of the Interest and the Real Property, and has conducted no due diligence regarding same. The sale of the Interest is "as is" and, by executing the signature line below, the Buyers specifically agree to assume all risks in connection with this Sale, the Interest and the Real Property upon closing.**

The Buyers' obligation to close the sale shall not be contingent upon any matter other than Bankruptcy Court approval of the sale on the terms and conditions set forth herein.

If the terms set forth herein accurately reflect our agreement, please execute this Letter Agreement where noted and return it to my attention, together with the Purchase Price of $76,000.00, so that we may file a motion with the Bankruptcy Court seeking approval of this Sale.

**If this Letter Agreement is not executed and returned to me, and if I do not receive the Purchase Price, by the close of business on Friday, October 14, 2011, then the agreement reflected herein shall be null and void and the Offer rejected, and the Trustee shall proceed to otherwise sell the Debtor's Interest in the Real Property.**

Please contact me if you have any questions. Thank you.

Very truly yours,

Joseph H. Baldiga

JHB/kmd

cc:   Christine E. Devine, Esq.

MIRICK O'CONNELL

T. CARMEN LOCONTO GARIERI
ARNOLD LOCONTO II
OCTOBER 3, 2011
PAGE 2

AGREED AND ACCEPTED:

T. CARMEN LOCONTO GARIERI

*T Carmen Loconto Garieri*

Dated: October 3, 2011

ARNOLD LOCONTO II

—see attached—

Dated: October ___, 2011

MIRICK O'CONNELL

T. CARMEN LOCONTO GARIERI
ARNOLD LOCONTO II
OCTOBER 3, 2011
PAGE 2

AGREED AND ACCEPTED:

T. CARMEN LOCONTO GARIERI

_____

Dated:  October ___, 2011

ARNOLD LOCONTO II

_Arnold Loconto II_

Dated:  October 4 , 2011

# EXHIBIT B

597

WARRANTY DEED

KNOW ALL MEN BY THESE PRESENTS that I, ANNA B. LOCONTO  of
Southbridge in the County of Worcester and State of
Massachusetts, Grantor, in the consideration of the sum of One
Dollar and Other Valuable Consideration paid to my full
satisfaction by RALPH LOCONTO, T. CARMEN LOCONTO and ARNOLD
LOCONTO II of Southbridge in the County of Worcester and State of
Massachusetts, Grantees, by these presents, do freely GIVE,
GRANT, SELL, CONVEY and CONFIRM unto the said Grantees, RALPH
LOCONTO, a one-sixth interest T. CARMEN LOCONTO a one-sixth
interest and ARNOLD LOCONTO II, a one-sixth interest, all holding
as joint tenants with right of survivorship, and their heirs and
assigns, forever, a certain piece of land in Dover, County of
Windham, and State of Vermont, described as follows, viz:

Meaning and intending to hereby convey the Grantor's one-half
interest as received by deed of Anna B. Loconto to Anna B.
Loconto, Ralph Loconto, T. Carmen Loconto and Arnold Loconto II
dated December 24, 1990 and recorded December 26, 1990 at Book
118, Pages 361-363 of the Dover Land Records.  In addition being
the same premises as were conveyed to the within Grantor, ANNA B.
LOCONTO, by reason of Warranty Deed of Robert B. North and
Margaret O. North, dated September 1, 1979 and recorded September
6, 1979 at Book 44, Pages 157-159 of the Dover Land Records.

The subject premises being further described on Schedule "A"
attached hereto and made a part hereof.

This conveyance is made on the condition that during the life of
the Grantor, the Grantees herein may not convey, sell or
otherwise dispose of their interest in this property other than
to each other nor may they convert it from joint tenancy.  If
during the life of the Grantor, the Grantees convey, sell or
dispose of their interest other than to each other or convert it
from joint tenancy to some other form of ownership, the title to
this property shall revert to the Grantor.  This restriction
shall not be construed so as to prohibit the Grantees from
mortgaging the property.

The purpose of this Deed is to vest in RALPH LOCONTO, T. CARMEN
LOCONTO and ARNOLD LOCONTO II a one-third interest each in the
above-referenced property to be held as joint tenants with rights
of survivorship.

TO HAVE and TO HOLD all the said granted premises, with all the
privileges and appurtenances thereof, to the said Grantees, RALPH
LOCONTO, T. CARMEN LOCONTO and ARNOLD LOCONTO II, their heirs and
assigns, to their own use and behoof forever; and I the said
Grantor, ANNA B. LOCONTO, for myself and my heirs executors,
administrators and assigns, do covenant with the said Grantees,
RALPH LOCONTO, a one-sixth interest, T. CARMEN LOCONTO, a one-
sixth interest and ARNOLD LOCONTO II, a one sixth interest, all
holding as joint tenants with right of survivorship, and their
heirs and assigns, that until the ensealing of these presents, I
am the sole owner of the premises, and have good right and title
to convey the same in manner aforesaid, that they are FREE FROM
EVERY ENCUMBRANCE: except as aforesaid, and I hereby engage to
WARRANT and DEFEND the same against all lawful claims whatever,
except as aforesaid.

CRAIG R. WENK
ATTORNEY AT LAW
POST OFFICE BOX 497
SOUTH MAIN STREET
WILMINGTON, VERMONT
05363
(802) 464-3252 / 5899

07/15/2031  09:48   8024648721   SCHEDULE  A      6A      PAGE  06

598

"Being Lot #1 in Snow Vidda, a real estate development of Mt. Snow Development Corporation and more particularly described as follows:

Being a portion of Lot Number 1 as shown on a subdivision plan entitled "Snow Vidda", dated September 9, 1965, revised July 25, 1967, and prepared by B. Gratton, to which further reference is hereby made, and also being a portion of other land of the Grantors herein named lying northerly on the extending Easterly from a portion of the Easterly boundary of the above-mentioned Lot Number 1, and being more particularly described in accordance with a recent re-division of Lots 1 and 2 of the "Enlargement of Lots One and Two in "Snow Vidda" Subdivision" dated July 21, 1972 and prepared by Dufresne-Henry Engineering Corporation, Wilmington, Vermont, as follows:

BEGINNING at a point located in the Easterly margin of the private road running through the aforesaid "Snow Vidda" Subdivision and at the Northwest corner of the parcel herein described, said point also marking the original Northwest corner of Lot Number 1 of the "Snow Vidda" Subdivision; thence leaving said road and running with other land of the Grantors herein named along new lines of division the following three courses and distances: S 59° 32' 15" E, 107.61 feet to a point, thence S 50° 41' 28" E, 180.63 feet to a point, thence S 52° 12' 23" W, 110.26 feet to a point, located on the Northerly side of a private road known as the "North Access Road," at the Southeast corner of the parcel herein described, thence turning and running along the Northerly side of said road and along a curve deflecting to the left, said curve having a radius of 498.30 feet and an arc length of 214.09 feet and not being tangent to the above lastmentioned course to the P.T. of said curve, said P.T. also being located at a point in the original boundary of Lot 1 of the aforesaid "Snow Vidda" Subdivision, thence running with the original boundary of said Lot Number 1 and continuing along the Northerly side of said road N. 87° 37' 00" W, 5.71 feet to the P.C. of a curve, thence leaving said "North Access Road: and continuing with said original boundary and running along a curve deflecting to the right, said curve having a radius of 36.70 feet and an arc length of 50.63 feet to the P.C.C. of a curve located in the Easterly margin of the above first-mentioned private road, thence continuing with said original boundary and running along the Easterly margin of said private road on a curve deflecting to the right, said curve having a radius of 108.39 feet and an arc length of 111.51 feet, to the P.T. of said curve, thence continuing with said original boundary and along said Easterly margin N 50° 26' 00" E, 81.05 feet to the point and place of beginning.  Containing 1.00 acres.

Also conveying hereby a right of way over other lands of said Mt. Snow Development Corporation from the Handle Road, so-called, to the premises herein conveyed.

Also conveying hereby an easement and well agreement described in a Quit Claim Deed from Vincent F. and Sally M. Riviello to the Grantors herein, such deed to be recorded simultaneously herewith, as follows:

"Grantors hereby grant and convey to Grantees, their heirs and assigns, an easement and right of way over and across the following described land in Dover, Windham County, Vermont, meaning Lot No. 2 "Snow Vidda" as more fully described in a deed dated May 31, 1978 and recorded in Book 41, Page 453 of the Dover Land Records, with the right of ingress and egress to and from the same, for the purpose of laying, maintaining and operating through and upon the same, the well, pump and a water pipe to the existing well located upon said parcel, such well and pump to be used in common for household purposes by the owners of Lots No. 1 and No. 2 "Snow Vidda" and no others, it being understood that the costs of maintenance, repair and replacement of that well and a pump therein shall be borne equally by the owners of such lots."

Said premises are conveyed expressly subject to all of the conditions, covenants and restrictions contained in a Declaration of Protective Covenants and Restrictions of Residential Lots", said Declaration dated August 6, 1965 and recorded September 4, 1965 in Book 22, Pages 135-137 of the Dover Land Records, as amended by Declaration dated October 25, 1967 and recorded November 20, 1967 in Book 23, Page 47 of the Dover Land Records to which instruments reference is hereby made for a more particular description and enumeration of same.

EXCEPTING and RESERVING herefrom a right of way and easement on, under, through and across the herein conveyed premises for the purpose of erecting poles for telephone and electricity, with all necessary wires, fixtures, guys and other attachments and incidental equipment thereon, and for laying water and sewer pipes, mains and storm drains, and water course connected therewith, and the right to enter said premises at all reasonable times to construct, maintain and repair the same.

Further excepting and reserving herefrom a right of way and easements described
in a Quit Claim deed, to be recorded simultaneously herewith, from Robert B.
and Margaret G. North to Vincent F. and Sally M. Riviello, as follows:

"Grantors hereby grant and convey to Grantees, their heirs and assigns, an
easement of way over a strip or parcel of land twenty (20') feet in width
on the easterly boundary of Lot #1 Snow Vidda, which lot is more fully
described in a deed dated May 31, 1978 recorded in Book 41, Page 450 of the
Dover Land Records, said easement to be used in common by the owners of Lots
No. 1 and No. 2 "Snow Vidda" as appurtenant to their adjoining estates for all
purposes for which streets and ways are used in Dover, Vermont."

Meaning and intending to convey a portion of the premises conveyed to the Grantors
herein by deed of Vincent F. and Sally M. Riviello dated June 16, 1978 and
recorded in Book 41 Page 461 of the Dover Land Records.

Subject to a certain Agreement between Loconto and Schrier dated
December 14, 1981 and recorded January 18, 1982 at Book 51, Pages
214-217 of the Dover Land Records.

Subject to an easement between Loconto and Riviello by Right of
Easement Deed dated October 5, 1979 and recorded October 31, 1979
at Book 44, Pages 361-362 of the Dover Land Records.

07/15/2031   09:48   8024648721              6A                   PAGE  08

600

In Witness Whereof, I hereunto set my hand and seal this
_17th_ day of January A.D.1991.

In Presence Of:

Kathryn M. Miller                  _Anna B. Loconto_   LS
Witness                            ANNA B. LOCONTO

Angela Stevens
Witness

State of Massachusetts
Worcester County, SS.

At _Southbridge MA_ this  _17th_  day of January A.D.1991, ANNA
B. LOCONTO personally appeared and she acknowledged this instru-
ment, by her sealed and subscribed to be her free act and deed.

                          Notary Public _Jane S Champagne_
                          Commission Expires _January 17, 1991_

                                        (SEAL)

Vermont Property Transfer Tax
32 V.S.A. Chap. 231
—ACKNOWLEDGMENT—
Cert. received & paid & Notice Cert. Rec'd.
VI Land Use & Development Plans Act Cert Rec'd.
Return __723-91__
Signed _____ Clerk
Date __1-24-91__

DOVER TOWN CLERK'S OFFICE
Received for record January 24th, A.D., 1991 at 8 o'clock and 40
minutes a.m.  Recorded in Volume 118, Pages 597-600 of the Dover
Land Records.
ATTEST: _Peggy Loken_          Assistant Town Clerk

CRAIG H. WENK
ATTORNEY AT LAW
POST OFFICE BOX 457
SOUTH MAIN STREET
WILMINGTON, VERMONT
05363
(802) 464-5252/5895

# EXHIBIT C

07/15/2031  09:48  8024648721                                                    PAGE 02

**WARRANTY DEED**                                                                361

KNOW ALL MEN BY THESE PRESENTS that I, ANNA B. LOCONTO of
Southbridge in the County of Worcester and State of
Massachusetts, Grantor, in the consideration of the sum of One
Dollar and Other Valuable Consideration paid to my full
satisfaction by ANNA B. LOCONTO, RALPH LOCONTO, T. CARMEN LOCONTO
and ARNOLD LOCONTO II of Southbridge in the County of Worcester
and State of Massachusetts, Grantees, by these presents, do
freely GIVE, GRANT, SELL, CONVEY and CONFIRM unto the said
Grantees, ANNA B. LOCONTO as a to one-half interest, RALPH
LOCONTO, as to a one-sixth interest T. CARMEN LOCONTO as to a
one-sixth interest and ARNOLD LOCONTO II, as to a one-sixth
interest, all holding as joint tenants with right of
survivorship, and their heirs and assigns, forever, a certain
piece of land in Dover, County of Windham, and State of Vermont,
described as follows, viz:

meaning and intending to hereby convey all of the same lands and
premises as were conveyed to the within Grantor, ANNA B. LOCONTO,
by reason of Warranty Deed of Robert E. North and Margaret G.
North, dated September 1, 1979 and recorded September 6, 1979 at
Book 44, Pages 157-159 of the Dover Land Records.

The subject premises being further described on Schedule 'A'
attached hereto and made a part hereof.

This conveyance is made on the condition that during the life of
the Grantor, the Grantees herein may not convey, sell or
otherwise dispose of their interest in this property other than
to each other nor may they convert it from joint tenancy.  If
during the life of the Grantor, the Grantees convey, sell or
dispose of their interest other than to each other or convert it
from joint tenancy to some other form of ownership, the title to
this property shall revert to the Grantor.  This restriction
shall not be construed so as to prohibit the Grantees from
mortgaging the property.

TO HAVE and TO HOLD all the said granted premises, with all the
privileges and appurtenances thereof, to the said Grantees. ANNA
B. LOCONTO, RALPH LOCONTO, T. CARMEN LOCONTO and ARNOLD LOCONTO
II, their heirs and assigns, to their own use and behoof forever:
and I the said Grantor, ANNA B. LOCONTO, for myself and my heirs
executors, administrators and assigns, do covenant with the said
Grantees, ANNA B. LOCONTO, RALPH LOCONTO, T. CARMEN LOCONTO and
ARNOLD LOCONTO II, all holding as joint tenants with right of
survivorship, and their heirs and assigns, that until the
ensealing of these presents, I am the sole owner of the premises,
and have good right and title to convey the same in manner
aforesaid, that they are FREE FROM EVERY ENCUMBRANCE: except as
aforesaid, and I hereby engage to WARRANT and DEFEND the same
against all lawful claims whatever, except as aforesaid.

In Witness Whereof, I hereunto set my hand and seal this
x 24th  day of December A.D. 1990.

In Presence Of:

x _Barbara Courroyer_                x _Anna B Loconto_____ LS
Witness                                ANNA B. LOCONTO

x _Pamela Giardia_
Witness

CRAIG R. WENK
ATTORNEY AT LAW
POST OFFICE BOX 427
MAIN STREET
VERMONT
(802) 464-5252/5895

State of Massachusetts
x _Worcester_   County, SS.

At x _Southbridge_  this x 24th  day of December  A.D. 1990, ANNA
B. LOCONTO personally appeared and she acknowledged this instru-
ment, by her sealed and subscribed to be her free act and deed.

Notary Public _____
Commission Expires: 3/7/97

(SEAL)

SCHEDULE "A"

362

"Being Lot #1 in Snow Vidda, a real estate development of Mt. Snow Development
Corporation and more particularly described as follows:
Being a portion of Lot Number 1 as shown on a subdivision plan entitled "Snow
Vidda",: dated September 9, 1965, revised July 25, 1967, and prepared by
B. Gratton, to which further reference is hereby made, and also being a portion
of other land of the Grantors herein named lying adjacent to an extending
Easterly from a portion of the Easterly boundary of the above-mentioned Lot
Number 1, and being more particularly described in accordance with a recent
re-division of Lots 1 and 2 of the "Enlargement of Lots One and Two in "Snow
Vidda" Subdivision" dated July 21, 1972 and prepared by Dufresne-Henry
Engineering Corporation, Wilmington, Vermont, as follows:
BEGINNING at a point located in the Easterly margin of the private road
running through the aforesaid "Snow Vidda" Subdivision and at the Northwest
corner of the parcel herein described, said point also marking the original
Northwest corner of Lot Number 1 of the "Snow Vidda" Subdivision; thence
leaving said road and running with other land of the Grantors herein named
along new lines of division the following three courses and distances: S 59°
32' 15" E, 107.61 feet to a point, thence S 50° 41' 28" E, 180.63 feet to a
point, thence S 52° 12½ 23" W, 110.26 feet to a point, located on the Northerly
side of a private road known as the "North Access Road," at the Southeast corner
of the parcel herein described, thence turning and running along the Northerly
side of said road and along a curve deflecting to the left, said curve having
a radius of 498.30 feet and an arc length of 214.09 feet and not being tangent
to the above lastmentioned course to the P.T. of said curve, said P.T. also
being located at a point in the original boundary of Lot 1 of the aforesaid
"Snow Vidda" Subdivision, thence running with the original boundary of said
Lot Number 1 and continuing along the Northerly side of said road N. 87° 37'
00" W, 5.71 feet to the P.C. of a curve, thence leaving said "North Access
Road; and continuing with said original boundary and running along a curve
deflecting to the right, said curve having a radius of 36.70 feet and an arc
length of 50.63 feet to the P.C.C. of a curve located in the Easterly margin
of the above first-mentioned private road, thence continuing with said original
boundary and running along the Easterly margin of said private road on a curve
deflecting to the right, said curve having a radius of 108.29 feet and an arc
length of 111.51 feet, to the P.T. of said curve, thence continuing with said
original boundary and along said Easterly margin N 50° 26' 00" E, 81.05
feet to the point and place of beginning.  Containing 1.00 acres.
Also conveying hereby a right of way over other lands of said Mt. Snow
Development Corporation from the Handle Road, so-called, to the premises
herein conveyed.

Also conveying hereby an easement and well agreement described in a Quit
Claim Deed from Vincent F. and Sally M. Riviello to the Grantors herein,
such deed to be recorded simultaneously herewith, as follows:

"Grantors hereby grant and convey to Grantees, their heirs and assigns, an
easement and right of way over and across the following described land in
Dover, Windham County, Vermont, meaning Lot No. 2 "Snow Vidda" as more fully
described in a deed dated May 31, 1978 and recorded in Book 41, Page 453
of the Dover Land Records, with the right of ingress and egress to and from
the same, for the purpose of laying, maintaining and operating through and
upon the same, the well, pump and a water pipe to the existing well located
upon said parcel, such well and pump to be used in common for household
purposes by the owners of Lots No. 1 and No. 2 "Snow Vidda" and no others,
it being understood that the costs of maintenance, repair and replacement
of that well and a pump therein shall be borne equally by the owners of
such lots."
Said premises are conveyed expressly subject to all of the conditions,
covenants and restrictions contained in a Declaration of Protective Covenants
and Restrictions of Residential Lots", said Declaration dated August 6, 1965
and recorded September 4, 1965 in Book 22, Pages 135-137 of the Dover Land
Records, as amended by Declaration dated October 19, 1967 and recorded
November 20, 1967 in Book 23, Page 47 of the Dover Land Records to which
instruments reference is hereby made for a more particular description and
enumeration of same.
EXCEPTING and RESERVING herefrom a right of way and easement on, under,
through and across the herein conveyed premises for the purpose of erecting
poles for telephone and electricity, with all necessary wires, fixtures,
guys and other attachments and incidental equipment thereon, and for laying
water and sewer pipes, mains and storm drains, and water courses connected
therewith, and the right to enter said premises at all reasonable times to
construct, maintain and repair the same.

363

Further excepting and reserving herefrom a right of way and easements described
in a Quit Claim deed, to be recorded simultaneously herewith, from Robert B.
and Margaret G. North to Vincent F. and Sally M. Riviello, as follows:

"Grantors hereby grant and convey to Grantees, their heirs and assigns, an
easement of way over a strip or parcel of land twenty (20') feet in width
on the easterly boundary of Lot #1 Snow Vidda, which lot is more fully
described in a deed dated May 31, 1978 recorded in Book 41, Page 450 of the
Dover Land Records, said easement to be used in common by the Owners of Lots
No. 1 and No. 2 "Snow Vidda" as appurtenant to their adjoining estates for all
purposes for which streets and ways are used in Dover, Vermont."

Meaning and intending to convey a portion of the premises conveyed to the Grantors
herein by deed of Vincent F. and Sally M. Riviello dated June 16, 1978 and
recorded in Book 41 Page 464 of the Dover Land Records.

Subject to a certain Agreement between Loconto and Schrier dated
December 14, 1981 and recorded January 18, 1982 at Book 51, Pages
214-217 of the Dover Land Records.

Subject to an easement between Loconto and Riviello by Right of
Easement Deed dated October 5, 1979 and recorded October 31, 1979
at Book 44, Pages 361-362 of the Dover Land Records.

Vermont Property Transfer Tax
32 V.S.A. Chap. 231
—ACKNOWLEDGMENT—
Return Rec'd.—Tax Pard—State of Health Cert. Rec'd.
VL Land Use & Development Plans Act Per Rec'd.
Return _____
Signed _____ Clerk
Date _____

DOVER TOWN CLERK'S OFFICE
Received for record December 26th, A.D., 1990 at 3 o'clock and 37 minutes p.m.
Recorded in Volume 118, Pages 361-363 of the Dover Land Records.
ATTEST: _____   Assistant Town Clerk